IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EUGENE W. FLOOD and )
MARGARET FLOOD )
 )
 )
        Plaintiffs, )
 )
 )  C.A.
    v. )
 )
 )  **04-10585 RGS**
AMERIQUEST MORTGAGE )
COMPANY )
 )
        Defendant. )

RECEIPT #____
AMOUNT $____
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.____
DATE 3-25-04

MAGISTRATE JUDGE_____

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiffs are residents of Massachusetts and seek rescission of a $299,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant

    3. A Truth in Lending statement;

    4. A notice of right to cancel, attached as <u>Exhibit A</u>; and

    5. A HUD-1 Settlement Statement.

11. Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> > **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
> >
> > **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
> >
> > **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
> >
> > **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer**

3

> entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>>
>> **(2) The consumer's right to rescind the transaction.**
>>
>> **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>>
>> **(4) The effects of rescission, as described in paragraph (d) of this section.**
>>
>> **(5) The date the rescission period expires. . . .**
>
> **(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**
>
>> **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>>
>> **(2) A credit plan in which a state agency is a creditor.**

12. The copies of the notice of right to cancel actually delivered to Eugene and Margaret Flood were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

13. On or about January 12, 2004 the Plaintiffs exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit B</u>.

14. In a letter dated January 30, 2004, attached as <u>Exhibit C</u>, Ameriquest denied the Plaintiff's request to rescind the mortgage.

4

## COUNT I - TRUTH IN LENDING ACT

15. Plaintiffs incorporate ¶¶ 1-14 as if fully set out herein.

16. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

18. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) and Mass .G.L. ch. 140D § 32 entitling the Plaintiffs to an award of statutory damages.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

**JURY DEMAND**

Plaintiffs demand trial by jury.

_____
Christopher M. Lefebvre