IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EUGENE W. FLOOD and
MARGARET FLOOD,

    Plaintiffs,

v

AMERIQUEST MORTGAGE COMPANY,

    Defendant.

C.A. 04-10585 RGS

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Ameriquest Mortgage Company hereby answers plaintiffs' complaint as follows:

### INTRODUCTION

1. The allegations of paragraph 1 are conclusory and introductory in nature, and therefore require no response. To the extent a response is required, Ameriquest denies the allegations.

### JURISDICTION AND VENUE

2. Ameriquest admits that it is an out-of-state corporation that does not have its principal place of business in Massachusetts. The remaining allegations in paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Ameriquest denies the allegations.

3. Ameriquest admits that it does business in this District. The remaining allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Ameriquest denies the allegations.

## PARTIES

4. Ameriquest admits the allegations in paragraph 4, on information and belief.

5. Ameriquest admits the allegations in paragraph 5.

6. Ameriquest admits the allegations in paragraph 6.

7. Ameriquest admits the allegations in paragraph 7.

8. Ameriquest denies the allegations and characterizations in paragraph 8.

## FACTS

9. Ameriquest admits that plaintiffs obtained a loan on or about November 29, 2002 but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore leaves plaintiffs to their proofs.

10. Ameriquest admits that plaintiffs received and signed the documents listed in paragraph 10, but denies that Exhibit A is a true and correct copy of the Notice of Right to Cancel received by and signed by plaintiffs. Plaintiffs received two copies of the correct notice.

11. Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is required, Ameriquest denies the allegations.

12. Ameriquest denies the allegations in paragraph 12.

13. Ameriquest admits that it received a copy of the letter from plaintiffs' counsel that is set forth as Exhibit B. Ameriquest denies that plaintiffs had a right to rescind or that they properly exercised that right.

14. Ameriquest admits that it sent a letter to plaintiffs' counsel dated January 3, 2004 denying plaintiffs' request to rescind their mortgage. Ameriquest denies that plaintiffs have attached the full letter as Exhibit C to the complaint. Plaintiffs have failed to attach the enclosure

to the January 30 letter, the fully compliant rescission notice, two copies of which were received by and signed by the plaintiffs. Ameriquest attaches the notice as Exhibit A hereto.

## COUNT I - Truth and Lending Act

15. Ameriquest incorporates paragraphs 1 through 14 above as if fully set forth herein.

16. Ameriquest denies the allegations in paragraph 16.

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Ameriquest denies the allegations.

18. Ameriquest denies the allegations in paragraph 18.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court enter judgment in its favor and against plaintiffs.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims have been waived, in whole or in part.

### THIRD DEFENSE

Plaintiffs' TILA claim is barred or limited by the several defenses available under TILA and the Massachusetts Consumer Credit Cost Disclosure Act.

### FOURTH DEFENSE

Plaintiffs' notice of rescission did not comply with the statutory requirements of TILA or the Massachusetts Consumer Credit Cost Disclosure Act or was otherwise insufficient.

## FIFTH DEFENSE

Plaintiffs' demand for rescission is inequitable and Ameriquest requests that the rescission procedures, if ordered, be modified to do equity.

## SIXTH DEFENSE

Plaintiffs' damages against Ameriquest are limited by 15 U.S.C. § 1641(d)(2).

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and the doctrine of laches.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their own negligence proximately caused their injuries.

## TENTH DEFENSE

Ameriquest hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

_____
John C. Englander (BBO 542532)
James W. McGarry (BBO 633726)
Goodwin | Procter LLP
53 State Street
Boston, MA 02109
(617) 570-1000

Date: May 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2004, a true copy of the above document was served upon Christopher M. Lefebvre, Esq. by first-class mail.

_____
James W. McGarry

LIBA/1375559.1

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: November 29, 2002
LOAN NO.: 0040213795 - 9603
TYPE: ADJUSTABLE RATE

BORROWER(S): EUGENE W. FLOOD    MARGARET E. FLOOD

ADDRESS: 864 AUBURN STREET
CITY/STATE/ZIP: BRIDGEWATER, MA 02324

PROPERTY: 864 AUBURN STREET
BRIDGEWATER, MA 02324

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is **ENTER DOCUMENT SIGNING DATE** 11/29/02 ; or
2. The date you received your Truth in Lending disclosures; or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.